# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No: 21-CR-403 (RC) |
| : | |
| **NICOLE PRADO,** : | |
| Defendant. : | |

### DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING POSITION

Comes now Defendant Nicole Prado, through counsel, and submits this Reply to the Government's Sentencing Memorandum (ECF 41). The government has requested that the Court impose a sentence of 14 days in jail, three (3) years of supervised probation, 60 hours of community service, and $500 restitution. The defense respectfully disagrees with the government's request and submits that any sentence of confinement, whether jail confinement or home confinement, is greater than necessary to achieve the goals of 18 U.S.C. 3553(a). A sentence of probation and community service is appropriate and just.

**Ms. Prado Did Not Destroy Evidence**

In support of its sentencing request, the government posits that Ms. Prado destroyed evidence. She did not. To the contrary, Ms. Prado took specific measures to *preserve* evidence and thereafter voluntarily provided it to the government as soon as they requested it. Had she not done so, the government would not have in its possession two of the video exhibits it filed with this Court, nor four of the photos published in its sentencing memorandum. As explained in Ms. Prado's sentencing memorandum, it is true that *after* Ms. Prado saved photographs from her phone onto a thumbdrive, she removed the photos from her phone. That hardly qualifies as destruction of evidence.

Further, the government's memo mischaracterizes Ms. Prado's statements regarding why she removed the photos from her phone. In its memo, the government asserts "[Ms. Prado] told the FBI she deleted [the photos from her phone] because she thought she might get in trouble and worried about being politically persecuted."[1] The government is referring to statements Ms. Prado made when she was questioned by the FBI during her 90 minute long proffer session. In reality, however, when the FBI agent asked Ms. Prado "is it fair to assume you took off your photos because you were afraid of getting in trouble?"[2] Ms. Prado responded to the leading question by stating "maybe, yes and no." She elaborated by acknowledging that at the time,[3] although she was worried about political persecution, she did not fully appreciate criminal culpability since she had not engaged in violence or defaced anything. She also pointed out that she saved all the photos onto a thumb drive before removing them from her phone. Upon learning that, the agent asked for the thumb drive. Ms. Prado had previously provided the drive to her counsel, who then arranged for the agent to pick it up.

The government has pressed the limits of the Fifth Amendment by requiring, as a condition of Ms. Prado's plea agreement, that she submit to an interrogation where her truthful answers *will* be used against her at sentencing. The government's sentencing memo, however, goes further and seems to suggest that because Ms. Prado did not proactively provide the government with the thumb drive evidence *before* they asked for it, and *well before* they

---

[1] *See* Government's Sentencing Memorandum (ECF 41) at p.15.

[2] Undersigned counsel was present and took detailed notes at the proffer. The FBI report of Ms. Prado's interview corroborates defense counsel's account ("When asked if she removed the pictures and videos from her phone because she was worried they would get her in trouble, Prado replied 'maybe yes and no' but was admittedly worried about 'political persecution.' Prado did not realize at the time she was doing anything wrong…").

[3] Ms. Prado transferred the photos on or about the evening of January 6, 2021. She was not prosecuted until June, 2021.

extended a plea offer, she therefore deserves a harsher sentence. This suggestion flies in the face of the Fifth Amendment and should be rejected.

**Ms. Prado did not come to Washington, D.C. intending to disrupt the certification of the Electoral College.**

The government also intimates that Ms. Prado intended to obstruct the certification of the electoral college vote.[4] They fail to mention that the FBI questioned Ms. Prado on this very point during her proffer by asking "did you intend to prevent the certification?" Ms. Prado answered "no". She reiterated that her intent was simply to peacefully protest. When asked "did you have any intention of what you were going to do inside," Ms. Prado responded that her intention was to wave her flag and take photos. As evidenced by the CCTV footage, that is precisely what she did — she carried a small handheld flag and took photos on her phone as she aimlessly wandered about the building and engaged with no one until she was approached by an officer who instructed her to leave, which she did.

**A Sentence Imposed for a Violation of 40 U.S.C. 51 §5104(e)(2)(G) May Not Include Incarceration and Probation for a Petty Offense Violates 3551(b) and 3561**

The government argues in its sentencing memorandum that the law permits a split sentence of probation and incarceration for petty offenses. In Ms. Prado's case, it is not necessary for the Court to reach this issue because a jail sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Nevertheless, this argument has been briefed extensively in other January 6 cases and been rejected.[5]

---

[4] S*ee* Gov't Memo at 20.

[5] As to this issue, counsel adopts the arguments contained in defense briefings filed in *United States v. Torrens,* 1:21-cr-204-2, (ECF 110) and *United States v. Virginia Spencer,* 1:21-cr-147, (ECF 66).

In *United States v. Spencer*, Judge Kotelly issued a Memorandum Opinion and Order on January 19, 2022, rejecting the government's argument. *See* Memorandum Opinion, ECF 70 ("A plain reading of the statutory sections at issue - 3551(b) and 3561 — leads to the conclusion that a district court must choose between probation and imprisonment when imposing a sentence for a petty offense.").

In *United States v. Carey Walden*, 1:21-cr-548, Judge Friedrich, too, explained to the government on the record at the sentencing hearing that she was precluded from imposing a term of probation if she sentenced the defendant to a term of incarceration.

In *United States v. Torrens* (1:21-cr-204-2) and *United States v. Griffith* (Case No. 21-cr-204-4), Judge Howell determined it was not necessary to rule on the legal issue because she did not think active jail time was warranted.

## CONCLUSION

For these reasons and any that shall be advanced at the sentencing hearing, counsel for Ms. Prado respectfully requests that this Court place Ms. Prado on supervised probation for 12 months, with the added conditions that she complete 60 hours of community service and pay $500 restitution.

Respectfully submitted,

/s/
Joan C. Robin
Virginia Bar No. 44502
Law Office of Joni C. Robin, PLLC
114 North Alfred Street
Alexandria, Virginia 22314
Ph: 703-349-1111
Fax: 571-279-6851
joni@jonirobinlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 4th day of February, 2022, I will electronically file the foregoing Motion to Continue with the Clerk of Court using the CM/ECF system, which will then send a notification of said filing (NEF) to counsel of record.

                                                      _____/s/_____
                                                            Joan Robin