UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 21-CR-403- RC |
| v. : | |
| : | |
| NICOLE PRADO, : | |
| : | |
| Defendant. : | |

### RESPONSE TO MOTION BY THIRD PARTY REGARDING VIDEO EXHIBITS RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the Petitioners' request to access video exhibits submitted to the Court in the above-captioned case. See Doc 53. Petitioners represent 16 news organizations, which have moved this Court to disclose video evidence used in the pretrial detention hearing for the defendant in this case, pursuant to the procedure outlined by this Court in Standing Order 21-28 (BAH) in *In re Press Coalition's Motion for Access to Video Exhibits and to Set Aside Standing Order No. 21-28*. The government agrees that the videos submitted by the Government to this Court (Gov't. Exhibits 1-4) can be released in accordance with the procedure outlined by this Court. *See* Standing Order 21-28 (BAH), at 5-6.

The D.C. Circuit has consistently employed the six-factor "Hubbard test"[1] when

---

[1] The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection. Applied in the general context of video exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits.

The petitioners' filing seeks video exhibits from the sentencing hearing held in this matter in the District of Columbia on February 7, 2022. *See* Petitioners' Application for Access to Video Exhibits, Doc. 53, ¶5; Dkt. Entry 2/7/2022, Minute Entry for proceedings.  The government submitted four (4) videos to this Court at the hearing. The Defense also submitted 15 videos to the Court and requested that 14 of those videos, representing U.S. Capitol Police surveillance footage (CCTV), be filed under seal. Doc. 43-44. A ruling on this motion does not appear on the docket. The government thus opposes release of these videos which have been designated Highly Sensitive in the Protective Order, Doc. 15, ¶¶1(g); 4(b),(e), without further Order of the Court.

The government provided video exhibits to the Court to assist in the decision of what sentence to impose. The government exhibits were not subject to a sealing order. Therefore, government does not object to disclosure of the government's exhibits, including their release for recording, copying, downloading, retransmitting or further broadcasting.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/*Mona Lee M. Furst*
Mona Lee M. Furst
Assistant United States Attorney
Kansas Bar No. 13162
601 D. Street, NW
Washington, DC  20579
Mona.Furst@usdoj.gov
(316) 269-6537